No. 25-2382

# UNITED STATES COURT OF APPEALS FOR
# THE SEVENTH CIRCUIT

CHRISTOPHER MANHART, individually and on behalf
of all others similarly situated,
*Plaintiff-Appellant*,

v.

WESPAC FOUNDATION, INC., ET AL.,
*Defendants-Appellees*.

On Appeal from the United States District Court
for the Northern District of Illinois
Case No. 1:24-cv-08209

MOTION OF THE MANHATTAN INSTITUTE AND TAL FORTGANG
FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE*
IN SUPPORT OF PLAINTIFF-APPELLANT AND REVERSAL

|  |  |
|---|---|
| October 13, 2025 | Ilya Shapiro<br>MANHATTAN INSTITUTE<br>52 Vanderbilt Avenue<br>New York, NY 10017<br>(212) 599-7000<br>ishapiro@manhattan.institute |

## CORPORATE DISCLOSURE STATEMENT

The Manhattan Institute has no parent companies, subsidiaries, or affiliates, and does not issue shares to the public.

Dated: October 13, 2025                    s/ *Ilya Shapiro*

                                           Counsel for *Amici Curiae*

## MOTION FOR LEAVE TO FILE BRIEF AMICI CURIAE

Pursuant to Fed. R. App. P. 29(a)(3), the Manhattan Institute and Tal Fortgang respectfully submit this motion for leave to file a brief as *amici curiae*. Counsel for *amici* sought consent from all parties. Plaintiff-Appellant consented, as did Defendants-Appellees WESPAC Foundation, National Students for Justice in Palestine, Jewish Voices for Peace, and Tides Center. But counsel for Defendants-Appellees Jinan Chehade, Rifqa Falaneh, Simone Tucker, Superior Murphy, and Dissenters objected, "because it is so contrary to our clients' interests, politics and the fundamental importance of civil disobedience."

## INTEREST OF MOVANTS

The Manhattan Institute ("MI") is a nonprofit policy research foundation whose mission is to develop and disseminate ideas that foster greater economic choice and individual responsibility. To that end, it has historically sponsored scholarship supporting the rule of law and opposing government overreach, including in the marketplace of ideas.

Tal Fortgang is a legal policy fellow at MI. He is widely published in academic and popular publications, including on the theory of civil

terrorism as a unique phenomenon in American legal and political culture. He has a J.D. from New York University Law School.

This case interests movants because the defendants are attempting to redefine unlawful conduct as lawful speech. This case implicates movants' expertise because it specifically draws on the work of movant Fortgang and colleagues regarding civil terrorism. Movants wish to file the proposed brief to emphasize that protestors have a constitutional right to protest, but not to advance their political agenda through lawbreaking.

## THE BRIEF'S RELEVANCE AND DESIRABILITY

MI has participated as *amicus curiae* in numerous cases, including in this Court, to provide information and analysis based on its scholars' particular expertise. Courts are "usually delighted to hear additional arguments from able amici that will help the court toward right answers." *Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567 (1st Cir. 1999). This is particularly true when an *amicus* provides "information on matters of law about which there was doubt, especially in matters of public interest." *United States v. Michigan*, 940

F.2d 143, 164 (6th Cir. 1991) (citation omitted). "'No matter who a would-be amicus curiae is, therefore, the criterion for deciding whether to permit the filing of an amicus brief should be the same: whether the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs.'" *Animal Prot. Inst. v. Merriam*, No. 06-3776, 2006 U.S. Dist. LEXIS 95724, at *4 (D. Minn. Nov. 16, 2006) (quoting *Voices for Choices v. Illinois Bell Telephone Co.*, 339 F.3d 542, 545 (7th Cir. 2003)).

Movants' participation as *amici* will help the Court resolve a major issue of public importance: the boundary between legitimate speech and illegal conduct. Movants are well-suited to help the Court consider the constitutional extent of the right to protest. The proposed brief explains why the plaintiff's lawsuit must be allowed to proceed and how the district court misinterpreted the role of the theory of civil terrorism in the plaintiff's argument. Given movant Fortgang's role in advancing that theory, movants offer a unique perspective on the district court's decision and how it improperly interprets the First Amendment.

4

## CONCLUSION

Movants respectfully request that this Court grant their motion for leave to file a brief as *amici curiae* in support of plaintiff-appellant.

Respectfully submitted,

Ilya Shapiro
MANHATTAN INSTITUTE
52 Vanderbilt Ave.
New York, NY 10017
(212) 599-7000

Dated: October 13, 2025                ishapiro@manhattan.institute

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2025, I electronically filed the foregoing brief with the Clerk of the Court for the U.S. Court of Appeals for the Seventh Circuit for filing and transmittal of a Notice of Electronic Filing to the participants in this appeal who are registered CM/ECF users.

DATED: October 13, 2025                 /s/ *Ilya Shapiro*
                                        Ilya Shapiro