No. 25-2382

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

CHRISTOPHER MANHART, individually and
on behalf of all others similarly situated,
*Plaintiff-Appellant,*

v.

WESPAC FOUNDATION, INC., *et al.*,
*Defendant-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, No. 24 CV 8209
District Judge Mary M. Rowland

## BRIEF OF DEFENDANT-APPELLEES JINAN CHEHADE, SUPERIOR MURPHY, RIFQA FALANEH, SIMONE TUCKER, AND DISSENTERS

Amanda S. Yarusso
1180 N. Milwaukee Ave.
Chicago, IL 60642
(773) 510-6198
amanda.yarusso@gmail.com

*Attorney for Defendant-Appellees
Jinan Chehade, Superior Murphy,
Rifqa Faleneh, Simone Tucker, and Dissenters*

# CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No.: 25-2382

Short Caption: Manhart v. WESPAC Foundation, Inc., *et al.*

  To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

  The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

  **[ ] PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Jinan Chehade, Superior Murphy, Rifqa Faleneh, Simone Tucker, and Dissenters

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the District Court or before an administrative agency) or are expected to appear for the party in this court: additional attorneys who appeared in the District Court include M. Porter (solo attorney) and Sheila Bedi (with Community Justice/Civil Rights Clinic at Northwestern Pritzker School of Law)

(3) If the party or amicus is a corporation:

  i) Identify all of its parent corporations, if any: None
  ii) list any publicly held company that owns 10% or more of the party's or amicus' stock: None

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases: N/A

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2: N/A

---

Attorney's Signature: /s/ Amanda Yarusso    Date: December 23, 2025
Attorney's Printed Name: Amanda Yarusso
Address: 1180 N. Milwaukee Ave., Chicago, IL 60642
Please indicate if you are Counsel of Record for the above listed parties pursuant to Circuit Rule 3(d).
Yes ☒ No ☐
Phone Number: (773) 510-6198 Fax Number: (773) 901-3421 E-Mail: amanda.yarusso@gmail.com

## STATEMENT CONCERNING ORAL ARGUMENT

Pursuant to Circuit Rule 34(f), Defendant-Appellees Jinan Chehade, Superior Murphy, Rifqa Faleneh, Simone Tucker, and Dissenters respectfully request oral argument.

# TABLE OF CONTENTS

CIRCUIT RULE 26.1 DISCLOSURE STATEMENTS................................................ i

STATEMENT CONCERNING ORAL ARGUMENT………………………………….. ii

TABLE OF CONTENTS. ……………………………………………………………… iii

TABLE OF AUTHORITIES............................................................................................iv

INTRODUCTION………………………………………………………………………. 1

JURISDICTIONAL STATEMENT.................................................................................. 2

ISSUES PRESENTED FOR REVIEW............................................................................. 3

STATEMENT OF THE CASE......................................................................................... 4

STANDARD OF REVIEW…………………………………………………...………… 5

SUMMARY OF ARGUMENT......................................................................................... 5

ARGUMENT .................................................................................................................... 6

    I.   The District Court Correctly Ruled that
        Plaintiff's Substantive Legal Theories Were Invalid ........................... 6

    II. Plaintiff's Derivative Claims Against
        Defendants Fail…………………………………………………………….. 6

    III. The Court Should Affirm Dismissal Because
         Plaintiff Lacks Article III Standing……………………………………. 8

    IV. Reassignment Under Rule 36 is Inappropriate
        in the Event of Remand……………………………………………….. 8

CONCLUSION................................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013)………..…………7-8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)……………...……………..8

*Kawaauhau v. Geiger*, 523 U.S. 57, 58 (1998)……………………………………………7

*Orr v. Shicker*, 147 F.4th 734, 739 (7th Cir. 2025)…………….…..……………………5

**Statutes and Rules**

Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2)…………………..2

28 U.S.C. §1291………………………………………………………………………….2

Fed. R. Civ. P. 12(b)(6)……………………………………………………………..……..8

Fed. R. of Civ. P. 58(a)…………………………………………………………………….2

**Other Sources**

GALLUP News webpage……………………………………………………………………1

> https://news.gallup.com/poll/692948/u.s.-back-israel-military-action-gaza-new-low.aspx (last accessed Dec. 23, 2025)

## INTRODUCTION

Defendant-Appellees Jinan Chehade, Superior Murphy, Rifqa Faleneh, Simone Tucker ("Individual Defendants") and Defendant Dissenters (collectively "Defendants") have denounced Israel's genocide of the Palestinian people. Defendants have expressed their views and campaigned for an end to U.S. support of Israel's attack on Gaza. The majority of Americans share in Defendants' disapproval of Israel's military actions.[1] Plaintiff's lawsuit is a legally-deficient attempt to attack and silence a political movement with which Plaintiff disagrees. Plaintiff seeks to create new torts to further this agenda. Approving Plaintiff's legal theories would vastly expand liability for people participating in any protests on public streets, any entity that expresses support for those protests, as well as actors who do anything that results in a traffic jam for any number of non-political reasons.

Motorists are commonly at a standstill in their cars for all kinds of reasons, such as permitted marches, protests, parades and large events. Stopped motorists face inconvenience and delays in personal affairs more crucial than a networking meeting, such as getting to work, a doctor's appointment, job interview or court appearance. Illinois law does not provide for a tort in these contexts, and Plaintiff's animus to this particular protest and Defendants does not justify creating one here.

---

[1] https://news.gallup.com/poll/692948/u.s.-back-israel-military-action-gaza-new-low.aspx (last accessed Dec. 23, 2025)

## JURISDICTIONAL STATEMENT

Plaintiff's jurisdictional statement is not complete and correct. On September 9, 2024, Plaintiff filed a putative class action complaint, invoking jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2). R. 1.[2] Plaintiff filed the second amended complaint on January 29, 2025. A45–81 ("SAC"). As required by CAFA, the alleged proposed class consists of at least 100 members; there is diversity between at least one of the Defendants and at least one class member; and the alleged aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. A48, A66. However, the District Court lacked jurisdiction because Plaintiff did not sufficiently plead Article III standing, as argued in the brief submitted by Defendant Community Justice Exchange ("CJE"), which is adopted herein.

On August 7, 2025, the district court issued a minute entry (R.108) and memorandum opinion and order (R.109) dismissing all claims in Plaintiff's second amended complaint with prejudice. On August 8, 2025, Plaintiff timely filed a notice of appeal. (R.110). Pursuant to Federal Rule of Civil Procedure 58(a), the parties agreed that the District Court's dismissal of Plaintiff's claims with prejudice was final and appealable notwithstanding the arguable lack of a separate judgment. (Dkt.13 at 2-3; Dkt.8). This Court therefore has jurisdiction under 28 U.S.C. §1291.

---

[2] Defendants cite the electronic record on appeal as "R." followed by document and page number. They cite Plaintiff's opening brief as "Op. Br." and the appendix attached to Plaintiff's opening brief as "A." They cite the docket in this court as "Dkt." They cite Defendant CJE's brief as "CJE Br." and other Defendants' briefs in the same manner.

# ISSUES PRESENTED FOR REVIEW

1. Whether the district court properly dismissed Plaintiff's second amended complaint for failure to state a claim where Plaintiff failed to plead any legally viable claims for false imprisonment, obstruction of traffic, or "intentional breach of duty," and Plaintiff's derivative claims necessarily fail as a result?

2. Whether the inconvenience of being stuck in traffic for a short period of time is a sufficient injury to establish Article III standing?

## STATEMENT OF THE CASE

The Individual Defendants and Dissenters adopt the statement of the case set forth in Community Justice Exchange's ("CJE") brief. CJE Br. at 4-17. Defendants provide the following additional facts relevant to their claims.

Plaintiff's allegations that the Individual Defendants participated in the protest were sparse and based "on information and belief." A45–81 ("SAC") at ¶62. Plaintiff alleges that 40 people were arrested at the protest, yet less than twenty of the activists linked arms to block traffic. *Id.* at ¶¶70, 77. Plaintiff failed to allege that the Individual Defendants took any overt action to harm or imprison the Plaintiff, and sought liability against the individuals for their alleged mere presence at or organization of the protest.

As to Dissenters, Plaintiff summarily alleged that it " helped organize" the protest and posted information about it on the organization's social media accounts to support the message of the activists. *Id.* at ¶¶ 61, 72-74. In Plaintiff's derivative counts, Plaintiff alleged that Dissenters and other entity defendants, assisted in the blockade by advertising it, organizing funds and personnel, creating a bail fund, identifying the target and amplifying the protester's message, without specifying which specific acts Dissenters are alleged to have done to harm Plaintiff. *Id.* at ¶¶104, 112, 134, and 141. Notably, Plaintiff alleged that CJE created a bail fund yet attributes this act to Dissenters and the other entity defendants, even in counts where CJE is not included. *Id.*

## STANDARD OF REVIEW

This Court reviews a district court's decision to grant a motion to dismiss *de novo*. *Orr v. Shicker*, 147 F.4th 734, 739 (7th Cir. 2025).

## SUMMARY OF ARGUMENT

Pursuant to this Court's order dated August 11, 2025, the Individual Defendants and Dissenters adopt the arguments advanced by Defendant CJE regarding Plaintiff's failure to state any viable underlying claims or claims based on vicarious liability, as well as the lack of Article III standing. For the reasons stated in CJE's brief, Plaintiff has failed to state a claim for any cause of action under Illinois law; thus, Plaintiff's derivative claims against Defendants also fail. Plaintiff's alleged damages amounting to inconvenience and delay do not satisfy Article III standing requirements.

# ARGUMENT

## I. The District Court Correctly Ruled that Plaintiff's Substantive Legal Theories Were Invalid

Defendants adopt CJE's arguments regarding the legal invalidity of Plaintiff's claims for false imprisonment, obstruction of a highway, and "foreseeable injury caused by intentional breach of duty." CJE Br. at 24-37. Being stuck in traffic, as the result of a protest or other reason, does not give rise to any recognizable tort.

Plaintiff devotes much of his argument to the import of a single non-precedential and unpersuasive case (*Robinson*), the relevance of a tentative draft of the Third Restatement of Torts, and the meaning of the word "abandonment," Op. Br. at p. 12-21, because established Illinois law does not support Plaintiff's alleged claims and legal theories. Plaintiff's quibble with the District Court's characterization of these non-dispositive legal points does not save his claims from dismissal. Plaintiff, without a valid legal basis, seeks to create a tort where none exists based solely on his disagreement with the political views expressed by the activists at the April 15 protest, and Defendants' public speech condemning Israel's attacks on the Palestinian people in Gaza.

## II. Plaintiff's Derivative Claims Against Defendants Fail

The District Court correctly dismissed the derivative claims against Defendants based on conspiracy, aiding and abetting, and in-concert liability theories (Counts III to VIII), because Plaintiff's substantive claims failed as a matter of law. A25-26.

Defendants adopt CJE's arguments regarding the conspiracy and aiding and abetting counts. CJE Br. at 20-24. Plaintiff's "in-concert" claims that were based on

false imprisonment and highway obstruction (Counts III-IV) (not raised against CJE) also fail. The allegations for the two "in-concert" counts are identical to those set forth in the "aiding and abetting." Defendants adopt the arguments made by Jewish Voice for Peace ("JVP") and National Students for Justice in Palestine ("NSJP") regarding these remaining derivative claims. JVP Br. at 7-8; NSJP Br. at 5-7.

Plaintiff failed to allege with any specificity how Defendants, including Dissenters, conspired, acted in concert or aided and abetted in the actions of the activists involved in the protest on April 15, 2024. Instead, Plaintiff provided his belief that Hamas and the Iranian Revolutionary Guard Corps masterminded this blockade through a broad network of covert online accounts. SAC at ¶¶55-64. Plaintiff summarily claims Dissenters organized the protest without specifying what acts Dissenters did to participate in the traffic stoppage, or any specific agreement made between Defendants. *Id.* at 61. Plaintiff's only allegations specifying Dissenters' involvement are Dissenters' social media posts amplifying the protest's message, speech that is clearly protected and not a basis for liability. *Id.* at 72.

"Intentional torts [] generally require that the actor intend the consequences of an act, not simply the act itself." *Kawaauhau v. Geiger*, 523 U.S. 57, 58 (1998). Group pleading, in which a plaintiff refers to a collective group of defendants as opposed to specifically identifying individual action, can run afoul of these pleading requirements necessary for an intentional tort. *Bank of Am., N.A. v. Knight*, 725

7

F.3d 815, 818 (7th Cir. 2013) ("Each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility must be dismissed."). This conclusory group pleading is insufficient to state any plausible claim against Dissenters based on a conspiracy or other collective action by the defendants. Fed.R.Civ.P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III. The Court Should Affirm Dismissal Because Plaintiff Lacks Article III Standing

Defendants adopt in full CJE's arguments as to Plaintiff's lack of Article III standing. CJE Br. at 37-41.

### IV. Reassignment Under Rule 36 is Inappropriate in the Event of Remand

Defendants adopt CJE's arguments that reassignment under Rule 36 is not appropriate in the event of a remand. CJE Br. at 44-45.

### CONCLUSION

The Court should affirm the District Court's ruling dismissing Plaintiff's claims with prejudice.

Dated: December 23, 2025

Respectfully submitted,

/s/ Amanda S. Yarusso

Amanda S. Yarusso
1180 N. Milwaukee Ave.
Chicago, IL 60642
(773) 510-6198
amanda.yarusso@gmail.com

8

*Attorney for Defendant-Appellees
Jinan Chehade, Superior Murphy,
Rifqa Faleneh, Simone Tucker, and
Dissenters*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Circuit Rule 32 and with this Court's order dated October 22, 2025 because, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), this brief is less than 2,000 words. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6), because the brief has been prepared using Microsoft Word in a proportionally-spaced typeface: 12-point Century Schoolbook font.

Dated:  December 23, 2025 	/s/ Amanda S. Yarusso

Amanda S. Yarusso
1180 N. Milwaukee Ave.
Chicago, IL 60642
(773) 510-6198
amanda.yarusso@gmail.com

*Attorney for Defendant-Appellees Jinan Chehade, Superior Murphy, Rifqa Faleneh, Simone Tucker, and Dissenters*

**CERTIFICATE OF SERVICE**

The undersigned counsel for Defendant-Appellees Jinan Chehade, Superior Murphy, Rifqa Faleneh, Simone Tucker, and Dissenters hereby certifies pursuant to Fed. R. App. P. 25(d), that on December 23, 2025 Defendant-Appellees' response brief was filed with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. The undersigned counsel further certifies that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: December 23, 2025                    /s/ Amanda S. Yarusso

                                            Amanda S. Yarusso
                                            1180 N. Milwaukee Ave.
                                            Chicago, IL 60642
                                            (773) 510-6198
                                            amanda.yarusso@gmail.com

                                            *Attorney for Defendant-Appellees*
                                            *Jinan Chehade, Superior Murphy,*
                                            *Rifqa Faleneh, Simone Tucker, and*
                                            *Dissenters*

# RULE 30(d) CERTIFICATION

Pursuant to Circuit Rule 30(d), I, Amanda S. Yarusso, an attorney, certify that all materials required by Circuit Rule 30(a) and 30(b) are included in Plaintiff-Appellant's Required Short Appendix.

Dated:  December 23, 2025       /s/ Amanda S. Yarusso

Amanda S. Yarusso
1180 N. Milwaukee Ave.
Chicago, IL 60642
(773) 510-6198
amanda.yarusso@gmail.com

*Attorney for Defendant-Appellees Jinan Chehade, Superior Murphy, Rifqa Faleneh, Simone Tucker, and Dissenters*