No. 25-2382

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

CHRISTOPHER MANHART, individually and
on behalf of all others similarly situated,
*Plaintiff-Appellant,*

v.

WESPAC FOUNDATION, INC., *et al.*,
*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, No. 1:24-cv-8209
Honorable Mary M. Rowland

# RESPONSE BRIEF OF DEFENDANT-APPELLEE
# NATIONAL STUDENTS FOR JUSTICE IN PALESTINE

# ORAL ARGUMENT REQUESTED

Joshua G. Herman
Law Office of Joshua G. Herman
53 West Jackson Blvd., Suite 404
Chicago, IL 60604
(312) 909-0434
jherman@joshhermanlaw.com

*Counsel for National Students for Justice in Palestine*

CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No. 25-2382

Short Caption: Manhart v. WESPAC Foundation, Inc., *et al.*

  To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

  The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

  **[x] PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

  National Students for Justice in Palestine

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the District Court or before an administrative agency) or are expected to appear for the party in this court:

  Law Office of Joshua G. Herman; Collin Poirot, Esq.

(3) If the party or amicus is a corporation:

  i) Identify all of its parent corporations, if any; and

    None

  ii) list any publicly held company that owns 10% or more of the party's or amicus' stock:

    None

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases: N/A

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2: N/A

Attorney's Signature s/ Joshua G. Herman  Date: December 23, 2025

Attorney's Printed Name: Joshua G. Herman

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d). **Yes** X

  **No**

Address: Law Office of Joshua G. Herman, 53 West Jackson Blvd., Suite 404
    Chicago, IL 60604

Phone Number: (312) 909-434  Fax Number: (312) 883-3519

E-Mail Address: jherman@joshhermanlaw.com

rev. 12/19 AK

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................ii
TABLE OF AUTHORITIES.........................................................................................iii
JURISDICTIONAL STATEMENT................................................................................1
ISSUES PRESENTED FOR REVIEW..........................................................................2
INTRODUCTION............................................................................................................2
STATEMENT OF THE CASE........................................................................................3
SUMMARY OF ARGUMENT........................................................................................4
ARGUMENT....................................................................................................................5

   I.   The District Court Correctly Dismissed Plaintiff's Substantive Legal Theories and its Derivative Claims Against NSJP, which are Insufficiently Pled. ...................................................................................5

      A.   Plaintiff's Substantive Claims are Legally Invalid. .......................................5
      B.   Plaintiff's Derivative Claims Were Correctly Dismissed. .............................5

   II.   The Court Should Affirm Dismissal Because Plaintiff Lacks Article III Standing. ................................................................................................7

   III.   Plaintiff's Conclusory Allegations Fail to Establish Personal Jurisdiction Over NSJP....................................................................................................8

   IV.   Reassignment Under Rule 36 is Inappropriate in the Event of Remand..........9

CONCLUSION.................................................................................................................9
CERTIFICATE OF COMPLIANCE WITH RULE 32...............................................10
CERTIFICATE OF SERVICE......................................................................................11
RULE 30(d) CERTIFICATION....................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)................................................6, 7

*Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329 (7th Cir. 2018)..............7

*Hutchison v. Fitzgerald Equip. Co., Inc.,* 910 F.3d 1016 (7th Cir. 2018).....................5

*McCauley v. City of Chicago*, 671 F.3d 611 (7th Cir. 2011).........................................6

*Orr v. Shicker*, 147 F.4th 734 (7th Cir. 2025) ........................................................5, 7

*Peretz v. Sims*, 662 F.3d 478 (7th Cir. 2011) ...............................................................8

**Statutes**

28 U.S.C. §1291................................................................................................................1

28 U.S.C. §1332(d)(2).......................................................................................................1

**Rules**

Federal Rule Civil Procedure 12(b)(2) .........................................................................8

Federal Rule Civil Procedure 12(b)(6) .........................................................................6

Federal Rule of Civil Procedure 58(a)..........................................................................1

**Constitutional Provisions**

U.S. Const. art. III, §2 .........................................................................................2, 4, 7

# JURISDICTIONAL STATEMENT

Plaintiff's jurisdictional statement is not complete and correct.

On September 9, 2024, Plaintiff filed a putative class action complaint, invoking jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d)(2). R. 1.[1] Plaintiff filed the second amended complaint on January 29, 2025. A45–81 ("SAC"). As alleged, the proposed class consists of at least 100 members; there is diversity between at least one of the Defendants and at least one class member; and the alleged amount in controvery exceeds $5,000,000. A48, A66. However, the District Court lacked jurisdiction because Plaintiff did not sufficiently plead Article III standing. The District Court also lacked personal jurisdiction over National Students for Justice in Palestine ("NSJP").

On August 7, 2025, the District Court issued a minute entry (R.108) and memorandum opinion and order (R.109) dismissing all claims in the SAC with prejudice. On August 8, 2025, Plaintiff filed a notice of appeal. (R.110). Pursuant to Federal Rule of Civil Procedure 58(a), the parties agreed that the District Court's dismissal with prejudice was final and appealable. (Dkt.13 at 2-3; Dkt.8). This Court has jurisdiction under 28 U.S.C. §1291.

---

[1] NSJP cites the electronic record on appeal as "R." followed by document and page number. It cites Plaintiff's opening brief as "Op. Br." and the appendix attached to Plaintiff's opening brief as "A." It cites the docket in this Court as "Dkt."

## ISSUES PRESENTED FOR REVIEW

1. Whether the District Court properly dismissed the SAC with prejudice for failure to state a claim where Plaintiff's theories of false imprisonment, highway obstruction, and "foreseeable injury caused by intentional breach of duty" are legally flawed, where vicarious liability claims against NSJP must therefore fail, and where Plaintiff fails to allege facts sufficient to state any derivative claim against NSJP.

2. Whether this Court should affirm on the alternative ground that Plaintiff lacks Article III standing.

3. Whether this Court should affirm on the alternative ground that the SAC fails to establish personal jurisdiction over NSJP.

## INTRODUCTION

The District Court correctly dismissed Plaintiff's SAC against NSJP and other defendants for the reasons set forth in Defendant Community Justice Exchange's ("CJE") brief, which NSJP adopts.[2] Plaintiff's bellicose rhetoric—specifically the inflammatory accusations that Defendants engaged in terrorism on behalf of foreign terrorist organizations—is completely bereft of factual support and is ultimately an odious distraction. Plaintiff's equation of pro-Palestinian advocacy to terrorism reveals how his misguided lawsuit is intended attack and silence pro-Palestinian speech and advocacy—including by those like NSJP, who had no role in the protest itself but are prominent voices in support of Palestinian rights. Indeed, Plaintiff's

---

[2] Pursuant to the Court's Order (Dkt.3) and the Parties' coordination Motion (Dkt.35) which the Court granted, NSJP adopts CJE's brief as noted below.

improper request for injunctive relief clearly shows that he seeks a prior restraint on those like NSJP. The District Court soundly rejected Plaintiff's attempts to invent torts to achieve these objectives. The Court should affirm that correct ruling, also because Plaintiff's conclusory allegations failed to state any plausible claim of vicarious liability against NSJP and failed to establish personal jurisdiction.

## STATEMENT OF THE CASE

Defendant NSJP adopts the statement of the case set forth in CJE's brief (CJE Br., p.4-17) and adds the following additional facts.

Plaintiff alleges that NSJP is pro-Palestinian advocacy organization with an "unincorporated association with no formal principal place of business or transparent leadership structure." (SAC, ¶13). Plaintiff's allegations focus not on NSJP but on other entities, such as "SJP Chicago" that Plaintiff improperly conflates with NSJP. Yet, Plaintiff explained below that he "never alleged a principal-agent relationship" between NSJP and "SJP Chicago" but instead claimed that NSJP is "legally indistinguishable" because it is "an unincorporated association with a unity of purpose and mission." (R.91, p.38, footnote 10). Plaintiff's allegations against NSJP focus on "toolkits" that he alleges "inspire action by local chapters and allied groups it does not formally control." (SAC, ¶13). Plaintiff does not identify how any "toolkit" was used for the April 15, 2024, protest.

Rather, Plaintiff's conclusory allegations about the April 15, 2024, protest lump NSJP together with other defendants. Plaintiff only asserts, "on information and belief," that NSJP and others selected the location for the protest, coordinated

3

funding for supplies, recruited participants, and "harmonized the overall strategy" of a global day of anti-genocide protest. (SAC, ¶60).

NSJP is not named in the substantive tort counts (Counts I and II). In addition to the "conspiracy" and "aiding and abetting" counts identified in CJE's brief (Counts V, VI, VII, and VIII) (Dkt.69, ¶¶117–144), Plaintiff brought an "in-concert" claim against NSJP (Counts III and IV) (Dkt.69, ¶¶101–116). NSJP moved to dismiss all counts, adopting codefendants' arguments and arguing that Plaintiff failed to state a claim against NSJP and failed to establish personal jurisdiction. (R.80).

## SUMMARY OF ARGUMENT

The Court should affirm the District Court's dismissal of Plaintiff's SAC because: (1) Plaintiff's substantive legal theories are irredeemably flawed and therefore his derivative liability theories against NSJP must also fail; (2) his conclusory allegations fail to adequately plead any facts to support a claim against NSJP; (3) he lacks Article III standing; and, (4) the District Court lacked personal jurisdiction over NSJP. NSJP adopts the arguments raised by CJE regarding the invalidity of Plaintiff's legal theories; the impropriety of vicarious liability; and the lack of Article III standing. Approving Plaintiffs' new torts would not only vastly expand civil liability for those involved in traffic-related protests; it would also ensnare any entity that is ideologically aligned with the protestors' messages.

# ARGUMENT

**Standard of Review**: This Court reviews a district court's decision to grant a motion to dismiss *de novo*. *Orr v. Shicker*, 147 F.4th 734, 739 (7th Cir. 2025).

## I. The District Court Correctly Dismissed Plaintiff's Substantive Legal Theories and its Derivative Claims Against NSJP, which are Insufficiently Pled.

### A. Plaintiff's Substantive Claims are Legally Invalid.

NSJP adopts CJE's arguments regarding the flawed legal theories behind Plaintiff's claims for false imprisonment, obstruction of a highway, and "foreseeable injury caused by intentional breach of duty." (CJE Br., p.24-37).

### B. Plaintiff's Derivative Claims Were Correctly Dismissed.

Because Plaintiff's substantive claims failed as a matter of law, the District Court correctly dismissed the derivative claims against NSJP (Counts III-VIII) as those claims are not standalone but depend on valid underlying claims. *Hutchison v. Fitzgerald Equip. Co., Inc.,* 910 F.3d 1016, 1025 (7th Cir. 2018). (A25-26). NSJP adopts CJE's arguments against Plaintiff's conspiracy and aiding and abetting claims. (CJE Br., p.19-24). Plaintiff's "in-concert" claims (Counts III-IV) were not raised against CJE but also fail for the same reasons the aiding and abetting claims fail. In the main, the elements of the two "in-concert" counts overlap with "aiding and abetting"; both require knowing and substantial assistance for the underlying tort.

Even if Plaintiff's substantive theories were valid, the Court should affirm dismissal for Plaintiff's failure to allege any basis for vicarious liability, an issue the District Court did not ultimately reach. Plaintiff never pled any non-conclusory facts to show that NSJP entered into any agreement with any other defendant sufficient

5

to sustain the conspiracy counts. Nor did Plaintiff allege how NSJP knowingly provided "substantial assistance" necessary to aid and abet. Instead, Plaintiff merely lumped NSJP together with other defendants without distinguishing anything NSJP did. This conclusory group pleading is insufficient to state a claim against NSJP under Rule 12(b)(6) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires Plaintiff to plead "enough facts to state a claim to relief [] plausible on its face."

Plaintiff briefly claims that NSJP made social media posts (Op.Br., p. 4), but the SAC relies on social media posts made by others, not NSJP. (SAC, ¶¶58, 73, 74; A-91). Further, many of those posts only show others "tagging" or reposting another's posts, which do not plausibly show planning, recruiting, identifying the protest location, coordinating funding for supplies, nor any of the other actions identified in the vicarious liability counts. (SAC, ¶¶60, 101-144). Plaintiff failed to allege how these posts knowingly provide "substantial assistance" for any tort beyond merely sharing events that happened. It is even more implausible and unreasonable to infer that NSJP is responsible for social media posts made by others, much less for the events those posts merely described.

Absent any concrete facts alleging NSJP's involvement, Plaintiff resorts to vague and ambiguous terms such as "harmonized" (SAC, ¶60), which are facially defective and fail to provide notice of wrongdoing, much less a conspiratorial agreement or knowing substantial assistance. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (plaintiff must provide specific facts to support legal

6

claims); *Orr*, 147 F.4th at 741 (complaint must provide fair notice of the claim and its grounds).

Rather than show any connection between NSJP and the April 15, 2024, protest or those who participated in it, Plaintiff's allegations focus on unrelated pro-Palestinian speech by NSJP, such as a "tool kit" from October 2023 or other unrelated protests. (Dkt.69, ¶¶13, 40). Beyond speculation, Plaintiff offers no facts connecting that "tool kit" or any prior protest to the April 15 action. While these allegations confirm Plaintiff's disdain for NSJP's pro-Palestinian advocacy, they do nothing to show a plausible connection between NSJP and the April 15 protest. Such speculation is plainly insufficient to state a claim under *Twombly*. *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (allegations must "raise a right to relief above the speculative level"). That is particularly so when Plaintiff acknowledges that NSJP has neither an agency relationship with nor control over any other entity it allegedly "inspire[s]" with its advocacy. (SAC, ¶13). On its face, Plaintiff's theory would make NSJP vicariously liable for *any* alleged tort committed by someone during a pro-Palestine protest. That cannot be.

## II. The Court Should Affirm Dismissal Because Plaintiff Lacks Article III Standing.

NSJP adopts CJE's argument that Plaintiff lacks Article III standing. (CJE Br., p.37-41). As with CJE, Plaintiff's allegations fail to show any alleged injuries traceable to NSJP, and dismissal should be affirmed due to Plaintiff's lack of standing.

### III. Plaintiff's Conclusory Allegations Fail to Establish Personal Jurisdiction Over NSJP.

While the District Court did not ultimately reach NSJP's argument for dismissal under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, (A9, footnote 4), this Court should affirm dismissal on this alternative ground, which was fully presented below. (R.80, pp.13-15; R.91, pp.50-53; R.91, pp.13-15). *Peretz v. Sims*, 662 F.3d 478, 480 (7th Cir. 2011) (quotation omitted) (appellate court may affirm on any ground in record that was adequately presented below).

NSJP adopts the legal standards for personal jurisdiction set forth in CJE's brief. (CJE Br., p.41-44). General contacts are lacking because Plaintiff fails to assert any regular contacts making NSJP "at home" in Illinois. To the extent Plaintiff attempts to use the presence of other entities such as SJP Chicago, he fails to show (and in fact disclaims) an agency relationship. Plaintiff instead suggests that NSJP is "legally indistinguishable" from other groups because it has "a unity of purpose and mission" (R.91, p.38, footnote 10, p.52), a phrase he does not define, but which presumably means general support for Palestinians. That exceedingly broad and vague standard is contrary to the law and insufficient to establish personal jurisdiction. It would make NSJP "legally indistinguishable" from any entity or individual that supports Palestinian rights. Nor does Plaintiff adequately allege sufficient involvement by NSJP in the April 15 protest to establish specific jurisdiction. Social media posts made by others depicting the protest cannot show any involvement by NSJP or forum-directed activity, and Plaintiff points to no forum-

related contacts by NSJP sufficient to make a prima facie showing of specific jurisdiction.

### IV.    Reassignment Under Rule 36 is Inappropriate in the Event of Remand.

NSJP adopts CJE's arguments that reassignment under Rule 36 is not appropriate in the event of a remand. (CJE Br., p.44-45).

## CONCLUSION

The Court should affirm the District Court's decision to dismiss with prejudice.

Respectfully submitted,


/s/ Joshua G. Herman
JOSHUA G. HERMAN


Joshua G. Herman
Law Office of Joshua G. Herman
53 West Jackson Blvd., Suite 404
Chicago, IL 60604
(312) 909-0434
jherman@joshhermanlaw.com

*Counsel for National Students for Justice in Palestine*

# CERTIFICATE OF COMPLIANCE WITH RULE 32

The undersigned, counsel of record for Appellee National Students for Justice in Palestine, hereby certifies that this brief contains 1,995 words from the Jurisdictional Statement through the Conclusion, and thereby complies with Fed. R. App. P. 32(a)(7) and Circuit Rule 32(a)(c). This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because Microsoft Word was used to prepare the brief and the font style is Century Schoolbook with a 12-point size of type.

/s/ Joshua G. Herman
JOSHUA G. HERMAN

Joshua G. Herman
Law Office of Joshua G. Herman
53 West Jackson Blvd., Suite 404
Chicago, IL 60604
Tel: (312) 909-0434
jherman@joshhermanlaw.com

*Counsel for National Students for Justice in Palestine*

# CERTIFICATE OF SERVICE

  Pursuant to Fed. R. App. P. 25(d), the undersigned hereby certifies that on December 23, 2025, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. The undersigned certifies that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

              <u>/s/ Joshua G. Herman</u>
              JOSHUA G. HERMAN

Joshua G. Herman
Law Office of Joshua G. Herman
53 West Jackson Blvd., Suite 404
Chicago, IL 60604
Tel: (312) 909-0434
jherman@joshhermanlaw.com
*Counsel for National Students for Justice in Palestine*

# RULE 30(d) CERTIFICATION

Pursuant to Circuit Rule 30(d), I, Joshua G. Herman, an attorney, certify that all materials required by Circuit Rule 30(a) and 30(b) are included in Plaintiff-Appellant's Required Short Appendix.

/s/ Joshua G. Herman
JOSHUA G. HERMAN

Joshua G. Herman
Law Office of Joshua G. Herman
53 West Jackson Blvd., Suite 404
Chicago, IL 60604
Tel: (312) 909-0434
jherman@joshhermanlaw.com

*Counsel for National Students for Justice in Palestine*