No. 25-2382

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

CHRISTOPHER MANHART, individually and on behalf of all others similarly situated,

    Plaintiff-Appellant,

v.

WESPAC FOUNDATION INC., et al.,

    Defendants-Appellees.

**Appeal from the United States District Court
for the Northern District of Illinois
Case No. 24-cv-8209
District Judge Mary M. Rowland**

**BRIEF OF DEFENDANT-APPELLEE JEWISH VOICE FOR PEACE**

| | |
|---|---|
| PEOPLE'S LAW OFFICE | Hadsell Stormer Renick & Dai, LLP |
| Nora Snyder | Dan Stormer |
| Brad Thomson | Hanna Chandoo |
| 1180 N. Milwaukee Ave. | Bina Ahmad |
| Chicago, Illinois 60642 | 128 N. Fair Oaks Ave. |
| (773) 235-0070 | Pasadena, CA 91103 |
| (773) 235-6699 (fax) | (626)585-9600 |

*Attorneys for Defendant-Appellee Jewish Voice for Peace*

# CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No.: 25-2382
Short Caption: Manhart v. WESPAC Foundation Inc., et al.

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.

[ ]   PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.

(1)   The full name of every party that the attorney represents in the case:

   Defendant-Appellee Jewish Voice for Peace

(2)   The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

   People's Law Office; Hadsell Stormer Renick & Dai, LLP

(3)   If the party or amicus is a corporation:
   i)   Identify all its parent corporations, if any; N/A and
   ii)  List any publicly held company that owns 10% or more of the party's or amicus' stock: N/A

---

Attorney's Signature: /s/ Nora Snyder             Date: December 23, 2025
Attorney's Printed Name:  Nora Snyder
Please indicate if you are Counsel of Record for the above listed parties pursuant to Circuit Rule 3(d). Yes X  No
Address:  1180 N. Milwaukee Ave., Chicago, Illinois 60642
Phone Number: (773) 235-0070                      Fax Number:  (773) 235-6699
E-Mail Address:  norasnyder@peopleslawoffice.com

# CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No.: 25-2382
Short Caption: Manhart v. WESPAC Foundation Inc., et al.

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.

[ ]   PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.

(4)   The full name of every party that the attorney represents in the case:

   Defendant-Appellee Jewish Voice for Peace

(5)   The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

   People's Law Office; Hadsell Stormer Renick & Dai, LLP

(6)   If the party or amicus is a corporation:
   ii)   Identify all its parent corporations, if any; N/A and
   ii)   List any publicly held company that owns 10% or more of the party's or amicus' stock: N/A

___

Attorney's Signature: /s/ Brad Thomson     Date: December 23, 2025
Attorney's Printed Name: Brad Thomson
Please indicate if you are Counsel of Record for the above listed parties pursuant to Circuit Rule 3(d). Yes   No X
Address: 1180 N. Milwaukee Ave., Chicago, Illinois 60642
Phone Number: (773) 235-0070     Fax Number: (773) 235-6699
E-Mail Address: brad@peopleslawoffice.com

# CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No.: 25-2382
Short Caption: Manhart v. WESPAC Foundation Inc., et al.

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.

[ ]    PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.

(7)    The full name of every party that the attorney represents in the case:

Defendant-Appellee Jewish Voice for Peace

(8)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

People's Law Office; Hadsell Stormer Renick & Dai, LLP

(9)    If the party or amicus is a corporation:
iii)    Identify all its parent corporations, if any; N/A and
ii)    List any publicly held company that owns 10% or more of the party's or amicus' stock: N/A

Attorney's Signature: /s/ Dan Stormer                              Date: December 23, 2025
Attorney's Printed Name: Dan Stormer
Please indicate if you are Counsel of Record for the above listed parties pursuant to Circuit Rule 3(d). Yes   No X
Address: 128 N. Fair Oaks Ave. Pasadena, CA 91103
Phone Number: (626) 585-9600                              Fax Number:
E-Mail Address: dstormer@hadsellstormer.com

# CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No.: 25-2382
Short Caption: Manhart v. WESPAC Foundation Inc., et al.

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.

[ ] PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.

(10) The full name of every party that the attorney represents in the case:

Defendant-Appellee Jewish Voice for Peace

(11) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

People's Law Office; Hadsell Stormer Renick & Dai, LLP

(12) If the party or amicus is a corporation:
iv) Identify all its parent corporations, if any; N/A and
ii) List any publicly held company that owns 10% or more of the party's or amicus' stock: N/A

___

Attorney's Signature: /s/ Hanna Chandoo                Date: December 23, 2025
Attorney's Printed Name: Hanna Chandoo
Please indicate if you are Counsel of Record for the above listed parties pursuant to Circuit Rule 3(d). Yes   No X
Address: 128 N. Fair Oaks Ave. Pasadena, CA 91103
Phone Number: (626) 585-9600                Fax Number:
E-Mail Address: hchhandoo@hadsellstormer.com

# CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No.: 25-2382
Short Caption: Manhart v. WESPAC Foundation Inc., et al.

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.

[ ]   PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.

(13)   The full name of every party that the attorney represents in the case:

Defendant-Appellee Jewish Voice for Peace

(14)   The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

People's Law Office; Hadsell Stormer Renick & Dai, LLP

(15)   If the party or amicus is a corporation:
    v)    Identify all its parent corporations, if any; N/A and
    ii)   List any publicly held company that owns 10% or more of the party's or amicus' stock: N/A

___

Attorney's Signature: /s/ Bina Ahmad            Date: December 23, 2025
Attorney's Printed Name: Bina Ahmad
Please indicate if you are Counsel of Record for the above listed parties pursuant to Circuit Rule 3(d). Yes   No X
Address: 128 N. Fair Oaks Ave. Pasadena, CA 91103
Phone Number: (626) 585-9600                    Fax Number:
E-Mail Address: bahmad@hadsellstormer.com

## STATEMENT CONCERNING ORAL ARGUMENT

Pursuant to Circuit Rule 34(f), Defendant-Appellee Jewish Voice for Peace respectfully requests oral argument.

# TABLE OF CONTENTS

DISCLOSURE STATEMENTS ................................................................................ vi

STATEMENT CONCERNING ORAL ARGUMENT ......................................... vi

TABLE OF AUTHORITIES ................................................................................... vi

JURISDICTIONAL STATEMENT ......................................................................... 1

ISSUES PRESENTED FOR REVIEW ..................................................................... 3

INTRODUCTION .................................................................................................... 4

STATEMENT OF THE CASE ................................................................................. 5

SUMMARY OF THE ARGUMENT ....................................................................... 6

STANDARD OF REVIEW ....................................................................................... 7

ARGUMENT ............................................................................................................. 7

    I.    The District Court Was Correct that Plaintiff Failed to State a Claim Against JVP ............................................................................................................. 7

        A.    Plaintiff Failed to State a Claim for False Imprisonment or "Foreseeable Injury Caused by Intentional Brief of Duty" ................................................................. 7

        B.    Plaintiff's Derivative Claims Fail ................................................................. 7

        C.    The Inconvenience of Becoming Stuck in Traffic Does not Establish Article III Standing ................................................................. 9

    II.    In the Event of a Remand, Reassignment Under Rule 36 is Not Appropriate ................................................................. 9

CONCLUSION ......................................................................................................... 9

CERTIFICATE OF COMPLIANCE ..................................................................... 10

CERTIFICATE OF SERVICE ................................................................................ 11

# TABLE OF AUTHORITIES

## Cases

*Nayak v. Farley*, 763 F. App'x 570 (7th Cir. 2019) .................................................................. 1

*Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 384-85 (1978) ................................................................ 2

*Calumet River Fleeting, Inc. v. Int'l Union of Operating Eng'rs, Loc. 150*, 824 F.3d 645 (7th Cir. 2016) ........................................................................................................................................ 2

*Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832 (7th Cir. 2014) ........................................................................................................ 7

*Hutchison v. Fitzgerald Equip. Co., Inc.*, 910 F.3d 1016 (7th Cir. 2018) ................................... 8

*Umble v. Sandy McKie & Sons, Inc.*, 690 N.E.2d 157 (Ill. App. Ct. 1998) ................................ 8

## Statutes

Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2) ................................. 1

## Rules

Federal Rule of Civil Procedure 58(a) ......................................................................................... 2

Federal Rule of Civil Procedure 12(b)(6) .................................................................................... 7

# JURISDICTIONAL STATEMENT

Plaintiff's jurisdictional statement is not complete and correct.

On September 9, 2024, Plaintiff filed a putative class action complaint, invoking jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2). Dkt. 1, Original Complaint ¶ 9.[1] Plaintiff filed the operative second amended complaint on January 29, 2025. Dkt. 69, Second Amended Complaint ("SAC"). Plaintiff alleged that his suit meets the requirements of the CAFA: the proposed class consists of at least 100 members; there is diversity between at least one of the Defendants and at least one class member; and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. *Id.* ¶¶ 10, 12, 14–17. As explained below, however, the district court lacked jurisdiction because Plaintiff did not sufficiently plead facts that establish Article III standing.

On August 7, 2025, the district court issued a minute entry (dkt. 108) and memorandum opinion and order (dkt. 109) dismissing all claims in Plaintiff's second amended complaint with prejudice.[2] Plaintiff timely filed a notice of appeal. Dkt. 110. As stated in Defendants' response to this Court's August 12, 2025 order directing the parties to file a statement advising the court whether they will request in the district

---

[1] Defendant JVP's docket citations refer to the docket numbers in the district court.
[2] The district court also awarded sanctions, but its sanctions ruling is not final and appealable until the amount of sanctions has been determined. *Cf. Nayak v. Farley*, 763 F. App'x 570, 572 (7th Cir. 2019) (Rule 11 sanctions become appealable when an order "clearly specifies (1) who is to pay the sanction, (2) who is to receive it, and (3) the amount"). The issue of sanctions therefore remains with the district court while this appeal proceeds in this Court.

1

court that judgment be set out in a separate document, pursuant to Federal Rule of Civil Procedure 58(a), the parties agree that the district court's dismissal of Plaintiff's claims with prejudice is final and appealable notwithstanding the lack of a separate judgment. Any noncompliance with Rule 58(a)'s separate judgment requirement is not a jurisdictional defect where other sources reflect that the district court's decision is final, as they do here. *See Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 384-85, 385 n.6 (1978); *Calumet River Fleeting, Inc. v. Int'l Union of Operating Eng'rs, Loc. 150*, 824 F.3d 645, 650 (7th Cir. 2016). This Court therefore has jurisdiction under 28 U.S.C. § 1291.

# ISSUES PRESENTED FOR REVIEW

1. Whether the district court properly dismissed Plaintiff's second amended complaint for failure to state a claim where Plaintiff failed to plead a legally viable claim for false imprisonment or "foreseeable injury caused by intentional breach of duty" and Plaintiff's derivative claims necessarily fail as a result?

2. Whether the inconvenience of becoming temporarily stuck in traffic is a sufficient injury to establish Article III standing?

## INTRODUCTION

Plaintiff Christopher Manhart filed a federal lawsuit against Defendant Jewish Voice for Peace ("JVP") and others based on his annoyance with becoming briefly stuck in a traffic jam. He alleges that the traffic jam was caused by a Palestine solidarity protest, and it is beyond clear that he would not have sued if he had encountered traffic for any other reason. This case is entirely lacking in both factual and legal merit and would not exist if not for Plaintiff's disagreement with Defendants' political speech. Given the complete absence of precedential authority to support his arguments—which, if accepted, would turn every mundane traffic-causing event into potential federal litigation—this Court should affirm the district court's dismissal of this frivolous case.

In a thorough and well-reasoned opinion, the district court correctly ruled that Plaintiff's claims for false imprisonment and "foreseeable injury caused by intentional breach of duty" based on briefly becoming stuck in traffic are not legally viable. The court likewise properly determined that without a valid underlying tort claim, Plaintiff's derivative claims for conspiracy, aiding-and-abetting, and in-concert liability fail. Finally, although the district court did not dismiss the case on this basis, this Court can affirm on the basis that the inconvenience of becoming stuck in traffic is not an injury that confers Article III standing. For all of those reasons, this Court should affirm.

## STATEMENT OF THE CASE

Defendant JVP adopts the statement of facts set forth in Defendant Community Justice Exchange's ("CJE") brief. CJE Br. at 4–17. The following are additional facts relevant to JVP.

Plaintiff alleges that Defendants JVP, CJE, WESPAC Foundation ("WESPAC"), National Students for Justice in Palestine ("NSJP"), and Dissenters took various actions in support of the April 15, 2024 protest that he claims caused him to be stuck in traffic. Plaintiff's specific allegations against JVP are minimal: he alleges "[o]n information and belief" that JVP "furthered the A15 Action Plan" by selecting the location for the protest, coordinating funding for supplies, recruiting participants, and "actively promot[ing] the bail fund and the O'Hare blockade on social media both during and after the event." Dkt. 69, SAC ¶ 60. In addition, Plaintiff alleged that Defendant Sim Tucker, who was allegedly physically present for the blockade, was an agent of JVP. *Id.* ¶ 68. In his brief in response to JVP's motion to dismiss, Plaintiff admitted that Defendant Tucker's employment with JVP did not begin until after the relevant protest. Dkt. 91, Pl.'s Br. in Opp'n to Defs.' Mots. to Dismiss, at 36.

## SUMMARY OF THE ARGUMENT

Pursuant to this Court's order dated August 11, 2025, Defendant JVP adopts the arguments advanced by Defendant CJE. For the reasons stated in CJE's brief, Plaintiff has failed to state a claim for any cause of action. Briefly becoming stuck in traffic does not create a cause of action for false imprisonment or "foreseeable injury caused by intentional breach of duty" under the law of Illinois or any other state.

In addition, the district court correctly ruled that without a valid underlying tort claim, Plaintiff's remaining claims for conspiracy, aiding-and-abetting, and in-concert liability fail. Moreover, even if Plaintiff had pleaded a viable underlying tort, he has not pleaded adequate facts to support a derivative claim against JVP.

Finally, JVP adopts CJE's argument that Plaintiff failed to establish Article III standing. For all of those reasons, this Court should affirm.

**STANDARD OF REVIEW**

This Court reviews a district court's decision to grant a motion to dismiss *de novo*. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 836 (7th Cir. 2014).

**ARGUMENT**

I. **The District Court Was Correct that Plaintiff Failed to State a Claim Against JVP**

The district court's opinion dismissing this case with prejudice was well-reasoned and should be affirmed. As the district court explained, after three attempts, Plaintiff failed to plead any legally cognizable cause of action, and accordingly dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) was appropriate. Dkt. 109 at 9–26.

A. **Plaintiff Failed to State a Claim for False Imprisonment or "Foreseeable Injury Caused by Intentional Brief of Duty"**

For the reasons set forth in Defendant CJE's brief, Plaintiff failed to state a claim for false imprisonment or "foreseeable injury caused by intentional brief of duty." CJE Br. at 24–37. Defendant JVP adopts CJE's arguments in their entirety.

B. **Plaintiff's Derivative Claims Fail**

As held by the district court and argued by Defendant CJE, without a valid underlying tort claim, Plaintiff's claims for conspiracy and aiding-and-abetting necessarily fail. Dkt. 109 at 25–26; CJE Br. at 20, 24. The same applies to Plaintiff's claims for in-concert liability, which Plaintiff alleged against Defendants JVP, NSJP, Dissenters,

and WESPAC, but not against CJE. Dkt. 69 ¶¶ 101–116. Like conspiracy and aiding-and-abetting, in-concert liability is not a standalone tort, but is rather a means to hold a defendant liable for the tortious conduct of another. *Hutchison v. Fitzgerald Equip. Co., Inc.*, 910 F.3d 1016, 1025 (7th Cir. 2018).

Moreover, even if Plaintiff had adequately pleaded a cause of action for either of the underlying torts, he did not meet the elements of the derivative claims as to JVP. CJE's reasoning on the conspiracy and aiding-and-abetting claims applies to JVP. CJE Br. at 20–24. Like CJE, Plaintiff failed to adequately allege an agreement between JVP and any other defendant for purposes of a conspiracy claim. Plaintiff also failed to allege any actions by JVP that could amount to "substantial assistance," which is an element of both the aiding-and-abetting claims addressed by CJE and the in-concert liability claims which were not. *See Umble v. Sandy McKie & Sons, Inc.*, 690 N.E.2d 157, 158 (Ill. App. Ct. 1998) (listing elements of in-concert liability). Here, the primary specific involvement by JVP that Plaintiff alleges was posting on social media about the protest. Dkt. 69 ¶¶ 72–74. Plaintiff's remaining allegations against JVP are conclusory and non-specific. *Id.* ¶ 60. While the social media posts may have helped amplify the activists' message, it does not follow that the action could not have happened without those posts or that the posts provided substantial assistance. *See id.* at 159 (finding assistance was not substantial when driver likely would have taken the same course of action even without defendants' involvement).

C. The Inconvenience of Becoming Stuck in Traffic Does not Establish Article III Standing

Although the district court did not dismiss on this basis, lack of standing provides an alternative basis to affirm, as explained in greater detail by CJE. CJE Br. at 37–39.

II. In the Event of a Remand, Reassignment Under Rule 36 is Not Appropriate

JVP adopts CJE's arguments that reassignment under Rule 36 is not appropriate in the unlikely event of a remand. CJE Br. at 44–45.

## CONCLUSION

The district court's decision was correct and this Court should affirm.

Dated: December 23, 2025

Respectfully submitted,

/s/ Nora Snyder
Nora Snyder
Brad Thomson
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, Illinois 60642
(773) 235-0070
(773) 235-6699 (fax)

Hadsell Stormer Renick & Dai, LLP
Dan Stormer
Hanna Chandoo
Bina Ahmad
128 N. Fair Oaks Ave.
Pasadena, CA 91103
(626)585-9600

*Attorneys for Defendant-Appellee*
*Jewish Voice for Peace*

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Circuit Rule 32 and with this Court's order dated October 22, 2025 because, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), this brief is less than 2,000 words. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because the brief has been prepared using Microsoft Word in a proportionally-spaced typeface: 12-point Book Antiqua font.


Dated:  December 23, 2025

/s/ Nora Snyder
Nora Snyder
Brad Thomson
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, Illinois 60642
(773) 235-0070
(773) 235-6699 (fax)

Hadsell Stormer Renick & Dai, LLP
Dan Stormer
Hanna Chandoo
Bina Ahmad
128 N. Fair Oaks Ave.
Pasadena, CA 91103
(626)585-9600

*Attorneys for Defendant-Appellee*
*Jewish Voice for Peace*

# CERTIFICATE OF SERVICE

The undersigned counsel for Defendant-Appellee Jewish Voice for Peace hereby certifies pursuant to Fed. R. App. P. 25(d) that on December 23, 2025 JVP's response brief was filed with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. The undersigned counsel further certifies that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated:  December 23, 2025  /s/ Nora Snyder
Nora Snyder
Brad Thomson
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, Illinois 60642
(773) 235-0070
(773) 235-6699 (fax)

Hadsell Stormer Renick & Dai, LLP
Dan Stormer
Hanna Chandoo
Bina Ahmad
128 N. Fair Oaks Ave.
Pasadena, CA 91103
(626)585-9600

*Attorneys for Defendant-Appellee*
*Jewish Voice for Peace*